UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| INTERNATIONAL UNION OF ) | | |
| OPERATING ENGINEERS, ) | | |
| LOCAL 4, et al., ) | | |
| ) | | |
| Plaintiffs, ) | | |
| ) | | |
| v. ) | CV-07-47-B-W | |
| ) | | |
| STANLEY EXCAVATION, ) | | |
| ) | | |
| Defendant. ) | | |

**ORDER ON MOTION FOR DEFAULT JUDGMENT**

Having demonstrated that Stanley Excavation, an employer, failed to appear or otherwise defend this law suit, the Plaintiffs, a union and several union funds, are entitled to default judgment under Rule 55(b)(2) for amounts Stanley Excavation owes them under the terms of a collective bargaining agreement, including fringe benefit contributions, union dues, liquidated damages, and attorney's fees and expenses.

**I.    STATEMENT OF FACTS**

On April 9, 2007, the International Union of Operating Engineers, Local 4, and its several funds[1] (collectively IUOE) filed suit against Stanley Excavation (Stanley),[2] alleging *inter alia* a violation of the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* (ERISA). The Complaint alleges that the IUOE entered into a collective bargaining agreement (CBA) with Stanley in which Stanley agreed for all hours worked after April 1, 2006 until April 1, 2007 to contribute $4.60 per hour to the IUOE's Health and Welfare Fund, $2.70 per hour to the Pension

---

[1] The other Plaintiffs are the IUOE Local 4 Health and Welfare Fund, the IUOE Local 4 Pension Fund, and the IUOE Local 4 Annuity Fund.
[2] The Complaint alleges that Stanley is "an unincorporated Maine business and contractor. . . ." *Compl.* ¶ 6.

Fund, $0.50 per hour to the Annuity Fund; and, $0.15 per hour for Union dues.[3]  *Compl.* ¶ 8.  In the event of a failure to pay, the agreement provides that interest will be assessed "at a rate of one (1%) percent per month, except that interest due on late Annuity and Savings Plan 401(k) payments shall be assessed in accordance with the rules and regulations of the Department of Labor."  *Compl.*, Ex. 1 at 5.  The Complaint alleges that, despite numerous demands for payment, Stanley failed to make any payments under these provisions, and further failed to respond.  *Compl.*, ¶¶ 11-14.

After the Complaint was served upon Stanley on May 15, 2007, *Executed Summons Return* (Docket # 2), Stanley failed to appear or otherwise defend the action, and the Clerk entered default on June 25, 2007.  *Order Granting Mot. for Entry of Default* (Docket # 5).  On July 2, 2007, IUOE moved for default judgment.  *Mot. for Default J.* (Docket # 6) (*Pls.' Mot.*).  The IUOE seeks judgment in the principal amount of $4,104.05, liquidated damages in accordance with the terms of the collective bargaining agreement, attorney's fees in the amount of $2,162.00, and costs in the amount of $408.88.  *Compl.* at 5-6; *Aff. of Jeffrey Neil Young, Esq.* ¶ 3 (Docket # 7).  Stanley has not responded.

## II.   DISCUSSION

The IUOE properly served Stanley, who has failed to appear or otherwise defend, and the Clerk properly defaulted Stanley.[4]  However, "liability and the amount of damages are not necessarily established as a result of the default."  *Katahdin Paper*, 231 F.R.D. at 112.  Although the facts alleged in the complaint are taken as true, *Libertad v. Sanchez*, 215 F.3d 206, 208 (1st

---

[3] The Complaint attached a copy of the CBA, which confirms these specific figures.  *Comp.* Ex. A - Wages and Rate Classifications; Dues Deduction.

[4] The Court considered whether *Key Bank v. Tablecloth Textile Co.*, 74 F.3d 349, 353 (1st Cir. 1996), required evidence that Stanley had not "appeared" in this action, even though it had failed to plead.  *See Katahdin Paper Co., LLC v. U&R Systems, Inc.*, 231 F.R.D. 110, 112-13 (D. Me. 2005) (holding that the defendant did not indicate "a clear purpose to defend the suit [or] otherwise appear in the action").  Here, however, there is no suggestion that Stanley appeared in this action within the meaning of Rule 55(b)(2) as interpreted by *Key Bank*.

Cir. 2000), the facts must be sufficiently well pleaded to support the requested judgment; otherwise, the district court may require "such hearings . . . as it deems necessary and proper . . . ." *Brockton Sav. Bank v. Peat, Marwick, Mitchell & Co.*, 771 F.2d 5, 12 n.8 (1st Cir. 1985) (quoting FED. R. CIV. P. 55(b)(2)). Damages "must be established by proof unless the damages involve a 'sum certain' or are for 'liquidated damages.'"[5] *Katahdin Paper*, 231 F.R.D. at 113 (citations omitted).

Here, IUOE's Complaint contains allegations sufficient to sustain Stanley's liability for breach of the CBA. Turning to damages, the Complaint not only alleges that Stanley failed to pay a specific sum, $4,104.50, under the terms of the CBA, but attaches computations from actual reported wages that confirm the basis for the number. *Compl*. Ex. B. The claim for liquidated damages is supported by the language in the agreement. Finally, the CBA contains a provision for the award of attorney's fees and Mr. Young has submitted an affidavit, justifying his claim for attorney's fees and expenses. *Aff. of Jeffrey Neil Young, Esq.* ¶¶ 1-5.

## III.   CONCLUSION

As the IUOE has complied with the requirements of FED. R. CIV. P. 55(b)(2), the Court hereby ORDERS the entry of judgment in favor of Plaintiffs and against Defendant Stanley Excavating as follows:

(1)   the principal sum of $4,104.05 for delinquent and non-payment of fringe benefit contributions and union dues;

---

[5] Even though the amount of the principal and liquidated damages in the Complaint could be considered a sum certain under Rule 55(b)(1), the claim for attorney's fees "prevents the clerk from entering a judgment under Rule 55(b)(1)," since the reasonableness of the attorney's fees necessitates a judgment call by the Court. *See* 10A C.A. WRIGHT, A.R. MILLER & M.K. KANE, FEDERAL PRACTICE & PROCEDURE § 2683 (1998 ed.). If the plaintiff is seeking both a sum certain, which would fall under Rule 55(b)(1), and damages that require judicial determination under Rule 55(b)(2), the entire matter, including the sum certain, must be determined under Rule 55(b)(2). *Conetta v. Nat'l Hair Care Ctrs., Inc.*, 186 F.R.D. 262, 268 (D.R.I. 1999) ("A case is either for a 'sum certain' or not. A party must choose one of the two procedures offered by FED. R. CIV. P. 55(b) . . . ."), *aff'd,* 236 F.3d 67 (1st Cir. 2001).

(2)  liquidated damages at a rate of one (1%) percent per month, except that interest due on late Annuity and Savings Plan 401(k) payments shall be assessed in accordance with the rules and regulations of the Department of Labor; and,

(3)  attorney's fees of $2,162.00 and expenses of $408.88, for a total of $2,570.88.

SO ORDERED.

/s/ John A. Woodcock, Jr.<br>JOHN A. WOODCOCK, JR.<br>UNITED STATES DISTRICT JUDGE

Dated this 23rd day of July, 2007